(32 Misc. Rep. 223.)

In re LORD.

(Supreme Court, Special Term, New York County. July, 1900.)

INTOXICATING LIQUORS—FILING OF CONSENTS AFTER ISSUANCE OF CERTIFICATE.
Under the liquor tax law (Laws 1896, p. 45), requiring the filing of the necessary consents of the owner of the premises that such traffic in liquors be so carried on in the premises before the issuance of the certificate, the court cannot order the filing of consents thereafter.

Application by Franklin B. Lord for the revocation and cancellation of liquor tax certificate No. 11,536, issued to Patrick Coughlin. Denied.

Lord, Day & Lord, for petitioner.
Lindsay & Griffin, for respondent.

O'GORMAN, J. The liquor tax law makes distinct provision for the filing of the necessary consents before the issue of the certificate. No right is reserved to this court to order the filing of consents thereafter. The filing of papers nunc pro tunc is a practice peculiar to the conduct of judicial proceedings; but, where a right to a certificate is dependent·upon the applicant's prior compliance with certain statutory requirements, the court possesses no authority in a summary application of this character to relieve an applicant from the consequences of his neglect to observe those requirements. While the act provides for certain proceedings to vacate or cancel a certificate, and to review the action of an officer who refuses to issue a license, the proceeding now before the court is of an entirely different character, and does not seem to be within the contemplation of the liquor tax law. Even if the power invoked does reside in the court, its exercise would not be proper, under the circumstances disclosed.

Application denied.